**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHAWN MICHAEL THOMAS,

    Petitioner,

vs.

GREGORY SMITH, et al.,

    Respondents.

Case No. 3:10-CV-00593-LRH-(RAM)

**ORDER**

Petitioner has submitted an application to proceed in forma pauperis (#1), a motion for leave to file longer than normal § 2254 petition, and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court grants petitioner's motion to file a long petition. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Petitioner will need to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In the Second Judicial District Court of the State of Nevada, petitioner pleaded guilty to robbery. The state court entered its judgment of conviction on May 8, 2007. Petitioner appealed, and the Nevada Supreme Court affirmed on September 25, 2007. Petitioner's judgment of conviction became final on December 24, 2007, when the time expired to petition the Supreme Court of the United States for a writ of certiorari. Four hundred forty-four (444) days later, on March 12, 2009, petitioner filed a state post-conviction habeas corpus petition. The state district court dismissed the petition as untimely pursuant to Nev. Rev. Stat. § 34.726(1). On July 15, 2010, the Nevada Supreme Court affirmed the dismissal. Remittitur would have issued by August 9, 2010. Nev. R. App. P. 41(a). Forty-three (43) days later, petitioner mailed his § 2254 petition to this court.

1       On its face, the petition is untimely. Because the state courts determined that his state habeas corpus petition was untimely, the time that that petition was pending is not tolled pursuant to 28 U.S.C. § 2244(d)(2). A total of one thousand two (1,002) days passed between the finality of petitioner's judgment of conviction and the commencement of this action, and that well exceeds the federal one-year period of limitation. Even if the state habeas corpus petition could toll the period of limitation pursuant to § 2244(d)(2), four hundred forty-four (444) days passed between the finality of petitioner's judgment of conviction and the filing of the state habeas corpus petition. The federal period of limitation expired before petitioner filed his state petition, and there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner will need to show cause why the court should not dismiss this action as untimely.

      IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner is not required to pay the filing fee.

      IT IS FURTHER ORDERED that the clerk of the court shall file the motion for leave to file longer than normal § 2254 petition and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      IT IS FURTHER ORDERED that the motion for leave to file longer than normal § 2254 petition is **GRANTED**.

      IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

      DATED this 1st day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE